IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARWELL LIMITED PARTNERSHIP and TKDOMINION LLC,<br>　　Plaintiffs,<br><br>v.<br><br>JONATHAN R WHITEHEAD, individually, and LAW OFFICES OF JONATHAN WHITEHEAD LLC,<br>　　Defendants. | § § § § § § § § § § § | Civil Action No. 3:15-CV-2356-BK |

### MEMORANDUM OPINION AND ORDER

Pursuant to the parties' consent to proceed before the United States Magistrate Judge, Doc. 26, the Court now considers *Defendants' Amended Motion to Dismiss Under Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure*, Doc. 24. Defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(3)[1]. Doc. 24-1. For the reasons that follow, Defendants' motion is **GRANTED**.

### BACKGROUND

On June 7, 2011, Plaintiffs TKDominion LLC and Garwell Limited Partnership entered into an agreement to purchase a business known as Phoenix Aeronautics ("Phoenix") for approximately $839,000.00. Doc. 17 at 3; Doc. 24-3 (Letter of Intent to Purchase). Subsequently, Phoenix refused to attend the closing and reneged on the transaction, which Plaintiffs aver caused them substantial damage. Doc. 17 at 3. Plaintiff TKDominion LLC

---

[1] Because the Court's dismissal for lack of personal jurisdiction is dispositive, the Court does not reach Defendants' lack of subject matter jurisdiction and improper venue arguments. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578 (1999) (federal courts have discretion to avoid a difficult question of subject matter jurisdiction when the absence of personal jurisdiction is the surer ground).

subsequently filed suit in this Court against Phoenix and others,[2] however, before service of process was completed, Phoenix filed suit in a Missouri state court seeking a declaratory judgement in its favor.  Doc. 17 at 4; Doc. 27 at 2.

In need of representation in the Missouri state case, Plaintiffs signed an engagement letter and paid a retainer fee of $12,000 to obtain the legal services of Defendants Johnathan R. Whitehead and the Law Offices of Jonathan Whitehead, LLC.  According to Plaintiffs, Defendant Whitehead agreed to file an answer and bring a counterclaim on Plaintiffs' behalf, but failed to do either.  Doc. 17 at 4.  Consequently, Phoenix was granted a default judgment against Plaintiffs.  Doc. 17 at 4.  Plaintiffs further allege that Defendant Whitehead also failed to request a new trial following the entry of default judgment, and as a result, Plaintiffs are "forever barred from asserting its legal claim against Phoenix."  Doc. 17 at 4.

On July 18, 2015, Plaintiffs filed this cause of action asserting negligence and breach of contract claims against Defendants.  Doc. 1.  Plaintiffs seek to recover from Defendants damages resulting from Phoenix's alleged breach of contract, as well as Plaintiffs' attorney's fees incurred in the instant action.  Doc. 17 at 4-5.

**APPLICABLE LAW**

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as permitted under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment.  *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).  "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."  *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (quoting

---

[2]   *See TKDominion LLC v. Phoenix Aerospace, Inc., et al.*, No. 3:12-CV-393-L; dismissed for lack of subject matter jurisdiction on February 13, 2013, Dkt. 24.

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).  To satisfy the requirements of due process, a plaintiff must demonstrate: "(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008).  Specific jurisdiction exists when the plaintiff's claim against the non-resident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state.  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  In contrast, general jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).

Finally, where, as here, the court chooses not to conduct an evidentiary hearing, the plaintiff need only make a prima facie showing in support of jurisdiction.  *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).  The Court must accept the plaintiff's uncontroverted factual allegations as true and resolve all factual disputes in its favor.  *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 326 (5th Cir. 1996).  The Court, however, is not permitted "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

## ANALYSIS

Plaintiffs have not asserted facts to support general jurisdiction over Defendants, thus, the only question is whether the Court may exercise specific jurisdiction. Defendants argue that they are not subject to specific jurisdiction in Texas because: (1) Plaintiffs' actions of sending the legal fee from Texas and signing the engagement letter in Texas were unilateral and should not be considered in determining whether Defendants have sufficient contacts with Texas; (2) Defendants did not purposefully avail themselves of the benefits and protections of Texas; and (3) all acts related to Defendants' representation of Plaintiffs in the Missouri state court action occurred in Missouri. Doc. 24-1 at 11. In support, Defendant Whitehead avers that he is licensed to practice law in Missouri only, was retained to provide legal services only in Missouri, did not solicit any business in Texas, and has never made an appearance in Texas state or federal court. Doc. 24-2 at 1. Without citing to any authority, Plaintiffs respond that Defendants' acceptance of money for the representation of Plaintiffs, who reside in Texas, constitutes sufficient minimum contacts with the Northern District of Texas to confer personal jurisdiction. Doc. 27 at 3.

Even considering all of Plaintiffs allegations as true, they have failed to demonstrate sufficient facts to permit this Court to exercise personal jurisdiction over Defendants. In relation to personal jurisdiction over Defendants, Plaintiffs allege only:

> Venue is also proper in this district under 28 U.S.C. Section 1391(a)(3) and (b)(3) because Defendants' contacts with this district would be sufficient to subject it to personal jurisdiction if this district were a separate State and the engagement letter between the parties was signed in this district and payments were made from Texas.

Doc. 17 at 3. However, that the engagement letter was signed by Plaintiffs in this district is insufficient to establish jurisdiction since the act of contracting with a resident of the forum state does not constitute "purposeful availment" where the agreement does not involve "continuing

4

obligations and wide-reaching contacts." *Stuart v. Spademan,* 772 F.2d 1185, 1194 (5th Cir. 1985); *see also Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 205 (5th Cir. 1996) ("the combination of mailing payments to the forum state, engaging in communications surrounding the execution and performance of a contract, and the fact that a nonresident enters into a contract with a resident are insufficient to establish the requisite minimum contacts necessary to support the exercise of personal jurisdiction over a nonresident defendant."). It is undisputed here that, under the contract for legal representation of Plaintiffs in the Missouri state court suit, Defendants' only continuing obligations or future contacts would be in Missouri, not Texas. Moreover, Plaintiffs' unilateral action of sending the retainer to Defendants from Texas is also insufficient for the Court to infer Defendants' purposeful availment of this state's benefits. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp.,* 471 U.S. at 475 (quotations and citations omitted); *see also Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416-17 (foreign company's acceptance of checks drawn on Texas bank was "of negligible significance for purposes of determining whether [the foreign company] had sufficient contacts in Texas," because the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

Accordingly, based on the totality of the facts and circumstances, the Court finds that Plaintiffs have failed to establish that Defendants have sufficient minimum contacts with Texas so as to permit this Court's exercise of personal jurisdiction over them. Because the minimum contacts prong has not been satisfied, the Court need not address whether exercising jurisdiction

over Defendants would result in fair play and substantial justice. *Stangel v. Johnson & Madigan, P.L.L.P*, No. 3:99–CV–1518–D, 1999 WL 1134962, at *3 (N.D. Tex. Aug. 11, 2011) (Fitzwater, J.).

## CONCLUSION

*Defendants' Amended Motion to Dismiss Under Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure*, Doc. 24, is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.[3]

**SO ORDERED**.

SIGNED July 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] A dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, it is not clear from Plaintiffs' pleadings whether the statute of limitations on Plaintiffs' breach of contract and negligence claims have expired. *M.I.K.S., LLC v. K-Mart Corp.*, No. 13–CV–00545–W–DGK, 2014 WL 294163, at *3 (W.D. Mo. Jan. 27, 2014) ("The statute of limitations for breach of contract is five years and accrues when the injury is sustained and capable of ascertainment.") (citing Mo. Rev. Stat. §§ 516.100, 516.120); *See State ex rel. Heart of America Council v. Mckenzie*, 484 S.W.3d 320, 324 (Mo. 2016) ("The statute of limitations for negligence is five years.") (citing Mo. Rev. Stat. § 516.120).